1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JENNINS THOMAS

11            Petitioner,              No. CIV S-07-1091 JAM KJM P

12       vs.

13   T. FELKER,

14            Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a California prisoner proceeding pro se with a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2004 convictions for,

18   among other things, involuntary manslaughter.

19        Respondent has filed a motion to dismiss arguing that this action should be

20   dismissed because petitioner has failed to exhaust state court remedies, as required under 28

21   U.S.C. § 2254(b)(1), with respect to claim two in his habeas petition.  In response to the motion,

22   petitioner has filed a motion for a stay while he exhausts state court remedies with respect to

23   claim two.  Respondent argues the court should not grant a stay because claim two has no merit.

24   The court has the authority to stay a habeas petition so that the petitioner can exhaust state court

25   remedies if the petitioner shows his claims are potentially meritorious and good cause for failure

26   to exhaust earlier.  Rhines v. Weber, 544 U.S. 269, 277 (2005).

1

In claim two, petitioner asserts violations of California law.[1]  However, a writ of habeas corpus can only be granted for violations of federal law.  28 U.S.C. § 2254.  Therefore, claim two is not potentially meritorious.  In light of this, the court will recommend that claim two be dismissed and respondent file his answer with respect to the remaining claims within sixty days.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (#10) be granted in part;

2.  Claim two in petitioner's application for writ of habeas corpus be dismissed;

3.  Petitioner's "motion to amend and motion to stay . . ." (#12) be denied; and

4.  Respondent be directed to file his answer with respect to all claims except claim two within sixty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 20, 2008.

_____
U.S. MAGISTRATE JUDGE

1
thom1901.157

---

[1]  Petitioner asserts that after he exhausts state court remedies with respect to claim two he will "amend his federal petition with appropriate Federal case law and constitutional claims."  However, petitioner would not be allowed to present those claims as he still would not have exhausted state court remedies.  In other words, petitioner can not simply incorporate federal principles into his state law claims after the fact in order to satisfy the exhaustion requirement.  He must present all aspects of his claim to the California Supreme Court before seeking relief here.