IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JENINS THOMAS,

Petitioner,

vs.

JAMES A. YATES,[1] Warden, Pleasant Valley State Prison,

Respondent.

No. 2:07-cv-01091-JWS

MEMORANDUM DECISION

Petitioner, Thomas Jennins Thomas, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Thomas is presently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Pleasant Valley State Prison. Respondent has answered the petition, and Thomas has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

After a jury trial, Thomas was convicted in the San Joaquin County Superior Court of one count each of voluntary manslaughter (Cal. Penal Code § 192(a)),[2] discharge of a firearm in a grossly negligent manner (Cal. Penal Code § 246.3), and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)). The trial court concluded that Thomas' conviction of voluntary manslaughter was contrary to law and reduced the voluntary manslaughter conviction to an involuntary manslaughter conviction. The trial court then sentenced Thomas to consecutive terms in the aggregate of 85 years to life. Thomas timely appealed his conviction and sentence to the California Court of Appeal, Third District, which affirmed his conviction and sentence in

[1] James A. Yates, Warden, Pleasant Valley State Prison, is substituted for T. Felker, Warden, High Desert State Prison. Fed. R. Civ. P. 25(d).

[2] The jury acquitted Thomas of murder, finding instead that he was guilty of the lesser-included offense of voluntary manslaughter.

an unpublished reasoned decision.[3] The California Supreme Court summarily denied review without opinion or citation to authority on September 21, 2005. While his appeal was pending, Thomas filed a petition for habeas corpus relief in the San Joaquin Superior Court, which denied his petition. Subsequent petitions for habeas relief in the California Court of Appeal, Third District, and California Supreme Court were denied on May 12, 2005, and April 11, 2007, respectively. Thomas timely filed his petition for relief in this court on June 3, 2007.

## II. ISSUES RAISED/DEFENSES

Thomas raises five grounds in his petition: (1) insufficiency of the evidence to support a conviction of involuntary manslaughter; (2) trial court erred in instructing the jury that an adverse inference could be drawn from Thomas's testimony (CALJIC 2.62);[4] (3) trial court erred in finding the involuntary manslaughter charge did not arise on the same occasion and from the same operative circumstances as the other offenses of which he was convicted; (4) the imposition of consecutive sentences violated *Blakely*/*Apprendi*;[5] and (5) one of the two priors used to trigger the Three-Strikes law was invalid and should not have been used. Respondent has not asserted any affirmative defense to the remaining grounds.[6]

## III. STANDARD OF REVIEW

Because the petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7] The Supreme Court has explained that "clearly

---

[3] *People v. Thomas*, 2005 WL 1625021 (Cal. App. July 12, 2005).

[4] This ground was dismissed upon motion by the Respondent as unexhausted. Docket No. 22.

[5] *Blakely v. Washington*, 542 U.S. 296 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[6] *See* Rules—Section 2254 Cases, Rule 5(b).

[7] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[8] The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[9] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[10] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[11] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[12] In a federal habeas proceeding, the standard under which this court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[13]

In applying this standard, this court reviews the last reasoned decision by the state court.[14] Under AEDPA, the state court's findings of fact are presumed to be correct unless the

---

[8] *Williams*, 529 U.S. at 412.

[9] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[10] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753–54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[11] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[12] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[13] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[14] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

petitioner rebuts this presumption by clear and convincing evidence.[15] This presumption applies to state trial courts and appellate courts alike.[16]

## IV. DISCUSSION

Ground 1: Insufficiency of the Evidence.

Thomas argues that the involuntary manslaughter conviction must be vacated because the evidence was insufficient to support a finding that the battery that resulted in the death was dangerous under the circumstances. In rejecting Thomas's argument, the California Court of Appeal held:

> The jury convicted defendant of voluntary manslaughter and found the firearm use enhancements not to be true. Exercising its independent judgment, the trial court reduced the conviction to involuntary manslaughter because the jury had found that defendant did not use a weapon to strike Hillary and thus, a voluntary manslaughter conviction was contrary to law.FN1 Defendant contends insufficient evidence supports an involuntary manslaughter conviction because the unlawful act committed, that is, battery, was not dangerous under the circumstances, claiming he is much shorter than Hillary, they were both under the influence at the time, and Hillary's death was a "fluke."
>
>> FN1. Neither party raises an issue with respect to the trial court's act of reducing the conviction. (See § 1181, subd. 6; *People v. Robarge* (1953) 41 Cal.2d 628, 633; *People v. Johnston* (2003) 113 Cal.App.4th 1299, 1307-1308.)
>
> "In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)
>
> As relevant here, involuntary manslaughter is the unlawful killing of a human being without malice in the commission of an unlawful act, not amounting to a felony. (§ 192, subd. (b).) The unlawful act must be "dangerous to human life or safety under the circumstances of its commission." (*People v. Cox* (2000) 23 Cal.4th 665, 675.) "A battery is any willful and unlawful use of force or violence upon the person of another." (§ 242.) "[T]he slightest touching may constitute a

---

[15] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[16] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

> battery." (*People v. Cox, supra,* at p. 674.) A battery may constitute an unlawful act for purposes of involuntary manslaughter "if shown to be dangerous under the circumstances of [its] commission." (*Id.* at p. 674.)
>
> Here, defendant did not simply touch Hillary. Defendant hit Hillary in the head with a closed fist. Defendant swung with almost all his might and hit Hillary suddenly with a solid punch. Defendant intended to knock Hillary out. Defendant knew that Hillary had been drinking that night and was vulnerable. Defendant offered no aid to Hillary, leaving him lying unconscious in the street. Defendant's use of force was dangerous to Hillary's life or safety under the circumstances. Sufficient evidence supports defendant's conviction for involuntary manslaughter.[17]

As stated by the Supreme Court in *Jackson*,[18] the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[19] This court must, therefore, determine whether the decision by the California Court of Appeal unreasonably applied *Jackson*.

Thomas misperceives the role of a federal court in a habeas proceeding challenging a state court conviction. This court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Under *Jackson*, the role of this court is to simply determine whether there is evidence, which if accepted as credible by the jury, is sufficient to sustain the conviction.[20] The record here shows that such evidence was presented. Thomas has failed to carry his burden to show by clear and convincing evidence that the factual findings were erroneous.

The States possess primary authority for defining and enforcing the criminal law.[21] Consequently, although the sufficiency of the evidence review by this court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime

---

[17] *Thomas*, 2005 WL 1625021 at *4.

[18] *Jackson v. Washington*, 443 U.S. 307 (1979).

[19] *Id.* at 319 (emphasis in the original).

[20] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

[21] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

as set forth in state law.[22] This court is mindful of the deference owed to the trier of fact and the limited nature of constitutional sufficiency review.[23] In this case, the California Court of Appeal found that, under the elements of the crime as defined by state law, the evidence was sufficient to sustain Thomas's conviction.

This court cannot say on the record before it that the decision of the California Court of Appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States at the time the state court rendered its decision"or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[24] Thomas is not entitled to relief on his first ground.

Ground 2: CALJIC 2.62.

This ground was previously dismissed by the court as unexhausted. Even if Thomas had properly exhausted his state court remedies as to this ground he would not prevail. When taken as a whole, CALJIC No. 2.62[25] clearly preserved the government's responsibility to prove the elements of their case, and did not require Thomas to explain the evidence against him. While the instruction did call the jury's attention to his testimony, it did so merely to point out that the jury "may" take the defendant's failure to explain facts within his knowledge into consideration.

---

[22] *Jackson*, 443 U.S. at 324 n.16.

[23] *Juan H. v. Allen*, 406 F.3d 1262, 1275 (9th Cir. 2005).

[24] 28 U.S.C. § 2254(d).

[25] CALJIC 2.62 Defendant Testifying—When Adverse Inference May Be Drawn

In this case defendant has testified to certain matters.

If you find that [a] [the] defendant failed to explain or deny any evidence against [him] [her] introduced by the prosecution which [he] [she] can reasonably be expected to deny or explain because of facts within [his] [her] knowledge, you may take that failure into consideration as tending to indicate the truth of this evidence and as indicating that among the inferences that may reasonably be drawn therefrom those unfavorable to the defendant are the more probable.

The failure of a defendant to deny or explain evidence against [him] [her] does not, by itself, warrant an inference of guilt, nor does it relieve the prosecution of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt.

If a defendant does not have the knowledge that [he] [she] would need to deny or to explain evidence against [him,] [her,] it would be unreasonable to draw an inference unfavorable to [him] [her] because of [his] [her] failure to deny or explain this evidence.

This is fully consistent with established federal law, which provides that a testifying defendant "may not stop short in his testimony by omitting and failing to explain incriminating circumstances and events already in evidence, in which he participated and concerning which he is fully informed, without subjecting his silence to the inferences to be naturally drawn from it."[26] Consequently, even on the merits, Thomas is not entitled to relief on his second ground.

Ground 3: Involuntary Manslaughter Arose Out of Same Occasion and Operative Facts.

Thomas challenges the trial court's application of the mandatory consecutive sentencing provision of California's Three Strikes law to his three underlying convictions.[27] With the exception of two citations to *Blakely*,[28] Thomas relies entirely upon California statutes and case law throughout his argument to support his assertion that these three offenses occurred on the "same occasion" and "shared the same set of operative facts," thereby precluding mandatory consecutive sentences. The California Court of Appeal rejected Thomas's arguments, holding:

> At sentencing, defendant claimed the possession offense was committed on the same occasion and arose from the same set of operative facts as the negligent discharge offense; thus, he asserted the court had the discretion to impose concurrent sentences.
>
> In sentencing defendant under the "Three Strikes" law and imposing consecutive sentences on counts 1, 2 and 3, the court concluded none of the offenses arose out of the same set of operative facts. The court determined defendant's possession of the gun was antecedent and separate from the other offenses. The court found defendant's possession was complete when defendant obtained the gun at his nephew's home where defendant stayed for 20 minutes. The court further found the battery on Hillary was an intervening event.
>
> Section 1170.12, subdivision (a)(6) requires consecutive sentences "[i]f there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts...."
>
> "'[C]ommitted on the same occasion' is commonly understood to refer to at least a close temporal and spatial proximity between two events, although it may involve other factors as well." (*People v. Deloza* (1998) 18 Cal.4th 585, 594.)

---

[26] *Caminetti v. United States*, 242 U.S. 470, 494 (1917).

[27] Although at the outset Thomas contends his conviction of involuntary manslaughter should be reversed, his argument addresses the imposition of the consecutive sentences citing California Penal Code §§ 654, 667, and 1170.2, and the California cases applying those sections.

[28] Which, as discussed below with respect to his fourth ground, is inapplicable in any event.

Other factors include "whether the offenses were committed simultaneously against the same group of victims, whether the criminal activity was interrupted, whether there was any event that could be considered to separate one event from another event, and whether the elements of one offense have been satisfied in a manner to render that offense completed before the commission of further criminal acts...." (*People v. Jenkins* (2001) 86 Cal.App.4th 699, 706.) The "same set of operative facts" means "sharing common acts or criminal conduct that serves to establish the elements of the current felony offenses...." (*People v. Lawrence* (2000) 24 Cal.4th 219, 233.) But "different operative facts could well be involved in a situation where the elements of one offense were completed before the commission of other criminal acts that constituted the elements of the other separately chargeable offense or offenses, even where the different offenses occurred close in proximity and in time." (*People v. Jenkins, supra,* 86 Cal.App.4th at p. 706.)

Defendant complains the trial court erroneously relied on case law relevant to the analysis under section 654 (citing *People v. Hudgins* (1967) 252 Cal.App.2d 174, *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, *People v. Venegas* (1970) 10 Cal.App.3d 814, *People v. Bradford* (1976) 17 Cal.3d 8) when such analysis is not the same as that under the Three Strikes law (*People v. Deloza, supra,* 18 Cal.4th at p. 588). We disagree. The trial court understood the scope of its discretion. The record reflects that the trial court cited and quoted *People v. Deloza*, *People v. Jenkins, supra,* 86 Cal.App.4th 699 and *People v. Lawrence, supra,* 24 Cal.4th 219.

The trial court properly concluded none of defendant's offenses occurred on the same occasion or shared the same set of operative facts. Defendant obtained the gun at his nephew's home and the operative facts were complete at that moment to support being a convicted felon in possession of a firearm. Twenty minutes later, defendant left his nephew's home and headed to Black's home to pursue Williams for a monetary debt. Prior to arrival at Black's home, defendant encountered Hillary and Williams on the street. Defendant battered Hillary, killing him. The operative facts for involuntary manslaughter were at that moment complete. Defendant then pursued Williams, within minutes after battering Hillary, traveled two houses down the street, through the yard and onto the porch of Black's home. When he encountered Black and Gorman, defendant drew his gun and fired it into the air. The facts necessary to show possession for count 2, discharging a firearm, were not necessary to show possession for count 3, convicted felon in possession of a firearm. The possession for these two counts occurred at different times and places and was interrupted by an intervening

> criminal event, defendant's battery of Hillary. The trial court properly imposed consecutive sentences under the Three Strikes law.[29]

This court is bound by the factual findings of the California court.[30]

The Supreme Court has noted that, because California law recognizes that imposition of consecutive sentences for criminal offenses must not arise out of the same criminal transaction or the same operative set of facts, it does not run afoul of the federal constitution.[31] The proper application of state law is beyond the purview of this Court in a federal habeas proceeding. The states possess primary authority for defining and enforcing the criminal law.[32] A fundamental principle of our federal system is “that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.”[33] This principle applied to federal habeas review of state convictions long before AEDPA.[34] A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court’s interpretation of the law.[35]

A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[36] This is especially true where the highest court in the state has denied review of the lower court’s decision.[37] A petitioner may not transform a state law issue into a

---

[29] *Thomas*, 2005 WL 1625021 at *5-6.

[30] 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340.

[31] *See Andrade*, 538 U.S. at 74 n.1.

[32] *See Engle*, 456 U.S. at 128 (federal court must accept that state courts correctly applied state laws); *Bell v. Cone*, 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona*, 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[33] *Bradshaw v. Richey*, 546 U.S. 74, 76, (2005); *see also West v. AT & T*, 311 U.S. 223, 236 (1940).

[34] *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

[35] *See Bradshaw*, 546 U.S. at 76–78.

[36] *See Hicks v. Feiock*, 485 U.S. 624, 629-30 & n.3 (1988).

[37] *Id.*; *see also West*, 311 U.S. at 237; *Shannon v. Newland*, 419 F.3d 1083, 1087 (9th Cir. 2005).

federal one by simply asserting a violation of due process.[38] Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[39] Having failed to raise a viable issue of federal constitutional law, Thomas is not entitled to relief on his third ground.

Ground 4: *Blakely/Apprendi* Violation.

Thomas argues that imposition of consecutive sentences under the Three Strikes law violated *Blakely/Apprendi* because it was based upon facts, the existence of the prior convictions, found by the judge, not the jury. Thomas's arguments fail on two bases. First, *Apprendi* held: "[*o*]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[40] Second, the Supreme Court recently held that the Sixth Amendment does not preclude the imposition of consecutive sentences based upon the findings of fact by a judge rather than a jury.[41] Thomas is not entitled to relief on his fourth ground.

Ground 5: Prior Conviction.

Thomas contends his 1992 conviction for robbery, which was used to trigger his sentence under the Three Strikes law, is invalid because he pled after the prosecutor failed to disclose impeachment evidence against one witness in violation of *Brady*;[42] or, if the evidence was disclosed, then Thomas's counsel was ineffective for failing to explain it to him before he pled guilty. Thomas raised this claim in his habeas petition before the California Supreme Court, which summarily denied it without an opinion or citation to authority.

When there has been no reasoned state court decision denying an issue presented to the state court, this court must assume the state court decided all the issues presented to it and

---

[38] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[39] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[40] *Apprendi*, 530 U.S. at 490 (emphasis added); *see Almendarez-Torres v. United States*, 523 U.S. 224, 243–247 (1998) (recidivism is a sentencing factor, not an element of the crime that must be submitted to the jury).

[41] *Oregon v. Ice*, 555 U.S. ____, 129 S.Ct. 711, 717–18 (2009).

[42] *Brady v. Maryland*, 373 U.S. 83 (1963).

perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[43] The scope of this review has been described as follows:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. Only by that examination may we determine whether the state court's decision was objectively reasonable.[44]

It has also been noted that "although we independently review the record, we still defer to the state court's ultimate decision."[45]

Respondent contends this does not raise a federal constitutional issue cognizable here. The court agrees. Supreme Court case law shows a criminal defendant may not challenge the validity of a prior conviction used to enhance a sentence imposed in a current conviction in a federal habeas proceeding under § 2254.[46] There is a recognized exception for failure to appoint counsel.[47] The Supreme Court has also noted that "'there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction due to no fault of his own,' in which case a prisoner may be able to use [a petition under § 2254] to challenge

---

[43] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

[44] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[45] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[46] *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-03 (2001); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007) (citing *Coss*); *see Daniels v. United States*, 532 U.S. 374, 382-84 (2001) (applying the same rule to motions brought under 28 U.S.C. § 2255).

[47] *Johnson v. United States*, 544 U.S. 295, 303-04 (2005) (citing *Coss* and recognizing the special status of *Gideon v. Wainwright*, 372 U.S. 335 (1963).

the prior conviction as well as the [] sentence based on it."[48] Neither exception applies in this case.[49] Thomas is not entitled to relief on his fifth ground.

V. CONCLUSION AND ORDER

Thomas is not entitled to relief on any grounds raised in the petition. Accordingly,

**IT IS ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[50] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court will please enter final judgment accordingly.

DATED this 27th day of January 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[48] *Johnson*, 544 U.S. at 304 n.4 (quoting *Daniels*, 532 U.S. at 383-84). The court notes that California's exceptions are broader than the federal rule. *See People v. Sumstine*, 687 P.2d 904, 909-10 (Cal. 1984). Whether the California Supreme Court misapplied California law is not, however, an issue that is within the purview of this court in federal habeas proceeding.

[49] Although Thomas asserts ineffective assistance of counsel as one of the two bases for attacking the validity of his prior conviction, neither the Supreme Court nor the Ninth Circuit have held that a violation of *Strickland v. Washington*, 466 U.S. 668 (1984) is a recognized exception.

[50] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.*, when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).